UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| EVAN HOWINGTON | § | |
| | § | |
| Plaintiff | § | |
| VS. | § | CIVIL ACTION NO. 3:17-CV-149 |
| | § | |
| UNITED STATES OF AMERICA | § | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Evan Howington is suing the United States under the Federal Tort Claims Act 28 U.S.C. § 1346(b), alleging that he was working offshore in Pensacola, Florida, and saw hydraulic fluid leaking from a remotely-operated vehicle (owned by Canyon Offshore) into the Gulf of Mexico, and that he also saw intentional discharge(s) of pollutants by employees of 3 different oil & gas companies and subsequent intentional falsifications of pollution disposal logs. Howington alleges that he immediately retained private counsel and contacted the Environmental Protection Agency. In 2014, Howington alleges that he attended an in-person meeting in New Orleans with Assistant United States Attorneys from the United States Department of Justice, United States Coast Guard personnel, and EPA representatives. According to Howington, the AUSAs took his information and his statement, but did not follow up or update him on any investigation. Instead, Howington and his attorney later discovered that the United States had "elected to enter into a plea deal with Walter Oil & Gas for one count of failing to report an incidental discharge—a gross mischaracterization of the evidence [he] had presented of intentional illegal conduct."

Howington is therefore now bringing this lawsuit against the United States for acts of "professional negligence," asserting AUSA Jon Maestri failed to properly investigate and prosecute the violations he reported. Howington contends that the United States should have assessed up to 12 million dollars in criminal fines based upon the acts he witnessed, and that up to 50% of that could have been paid to him as a whistleblower under the "Act for the Prevention of Pollution from Ships" (AAPS), 33 U.S.C. § 1908(a). Howington's sole cause of action is entitled "Professional Negligence," and it cites Rule 1.1(a) of the Louisiana Rules of Professional Conduct as the standard that AUSA Maestri breached in failing to provide "competent representation to his client, the United States of America."

The United States has filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), contending that Howington lacks constitutional standing, and that he has failed to state a claim because federal prosecutors are entitled to absolute immunity from liability for their discretionary acts in developing, preparing and prosecuting cases on behalf of the United States. Dkt. 11.

1. **Does Howington have Constitutional Standing?**

Howington's lawsuit rests upon his allegation that he was a "whistleblower" under the APPS. Under the APPS, if criminal conviction or civil penalties are assessed against a "knowing" violator of certain anti-pollution statutes or regulations, then "[i]n the discretion of the Court, an amount equal to not more than ½ of such fine may be paid . . . to the person giving information leading" to the conviction or civil penalties. Although he does not state it so precisely in his Complaint, elsewhere Howington describes his

complaint as being that "other corporate entities should have been charged with violations of other environmental laws, which would have maximized the government's recovery in fines, and resulted in a potentially large whistleblower fee payable to him." *See* Joint Discovery Case Management Plan, Dkt. 17. The United States argues that Howington's receipt of money as a "whistleblower" under the APPS is "wholly speculative," and this Court therefore lacks subject-matter jurisdiction over his claims.

The Court agrees. Article III, § 2 of the United States Constitution limits the jurisdiction of the federal courts to actual cases and controversies. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006) ("[N]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies.") (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). To establish Article III standing, a plaintiff must allege an injury that is "'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Clapper v. Amnesty Int'l USA*, 133 S.Ct. 1138, 1147 (2013) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010)). Alleged injuries which are speculative, or which depend on attenuated chains of causation, are insufficient to confer standing. In particular, alleged injuries which depend on third-parties' decisions are too speculative to confer standing. *See DaimlerChrysler Corp.*, 126 S.Ct. at 1862-63 (holding that plaintiffs' alleged injury was "conjectural or hypothetical" because it depended "on how [third-parties] respond."); *Allen v. Wright*, 468 U.S. 737, 758, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984) (finding that "[t]he line of causation between ... conduct [and alleged injury] is attenuated at best ...

and results from the independent action of some third-party not before the court.") (internal quotation omitted).

Here, the chain of causation that Howington relies upon includes a number of factors, not the least of which is the "discretion of [a] Court."[1] Thus, even if his information should have prompted the AUSAs to take additional action on his allegations (which the Court will presume at this stage were well-founded), the United States would have then had to prevail in a criminal or civil case against the alleged polluters, and a court would have had to assess a monetary fine under the APPS, and that court would have also then had to have found that Howington was entitled to some monetary reward, but "not more than ½" of the penalties assessed." Relying on the Fifth Circuit's decision in *Little v. KPMG*, 575 F.3d 533 (5th Cir. 2009), the Court finds that this chain is too attenuated and too speculative to establish Article III standing. Accordingly, this Court lacks jurisdiction over Plaintiff's claims.

Defendants' motion to dismiss (Dkt. 11) is **GRANTED**, and Plaintiff's claims are hereby **DISMISSED** without prejudice.

SIGNED at Galveston, Texas, on March 5 2018.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Howington's pleadings seem to refer primarily to the assessment of the criminal penalities he alleges were certain. However, to the extent he alleges that civil penalties were certain, the Court notes that such penalties The amount of the civil penalty are to be assessed by "the Secretary, or the Administrator, [who] shall take into account the nature, circumstances, extent, and gravity of the prohibited acts committed and, with respect to the violator, the degree of culpability, any history of prior offenses, ability to pay, and other matters as justice may require." 33 U.S. § 1908(b).